IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Avenue SE<br>Mailstop 0485<br>Washington, DC 20528-0485<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.     Defendant U.S. Department of Homeland Security is an agency of the United States Government and is headquartered at 2707 Martin Luther King Jr. Avenue SE, Mailstop 0485, Washington, DC 20528-0485.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On October 29, 2024, Plaintiff submitted a FOIA request to Defendant's Office of Information Policy seeking access to:

> All records, including emails, email chains, email attachments, text messages, team chats, video or audio recordings, photographs, outlook calendars, meeting minutes, correspondence, statements, letters, memoranda, reports, briefings, presentations, notes, summaries, assessments, requests for assistance, agreements, or other form of record, regarding Minnesota Governor and current Vice President candidate Timothy James Walz and his connections to the Chinese Communist Party (CCP), specifically:
>
> (1) All documents and communications in the DHS Microsoft Teams group chat "NST NFT Bi-Weekly Sync" from July 1, 2024, to present, including all accompanying, uploaded, or imbedded attachments and documents, referring or relating to Minnesota Governor Timothy J. Walz (or the office and/or staff of Governor Walz)
>
> (2) All Intelligence Information Reports and Regional Intelligence Notes (including these documents that have been titled or categorized differently) from November 1, 2023, to present related to Minnesota Governor Timothy J. Walz (or the office and/or staff of Governor Walz).
>
> (3) All requests for assistance or referrals to other federal agencies regarding Minnesota Governor Timothy J. Walz.

The request asked that records be provided for the period "from November 1, 2023, to present."

6. By a letter dated October 30, 2024, Defendant acknowledged receiving Plaintiff's request on October 29, 2024 and advised Plaintiff that the request had been assigned tracking number 2025-IAFO-00043. Defendant's letter also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

7. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 12, 2024, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 5 -

Dated: March 4, 2025                    Respectfully submitted,

                                        */s/ Christina Bobb*
                                        CHRISTINA BOBB
                                        D.C. Bar No. 90021326
                                        JUDICIAL WATCH, INC.
                                        425 Third Street SW, Suite 800
                                        Washington, DC 20024
                                        Tel:    (202) 646-5172
                                        Email: cbobb@judicialwatch.org

                                        *Attorney for Plaintiff*